IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMRU KEBEDE : CIVIL ACTION

v. :

JOHN E. WETZEL, et al. : NO. 13-3656

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER October 23, 2013
United States Magistrate Judge

  Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, along with a memorandum of law in support thereof (Doc. No. 1). Petitioner is presently incarcerated at the State Correctional Institution located in Rockview, Pennsylvania. Respondents filed a response on September 20, 2013 (Doc. No. 7). For the reasons set forth herein, the court recommends that petitioner's habeas petition be stayed and held in abeyance until his state court proceedings have concluded.

**I. BACKGROUND**

  On September 10, 2009, petitioner was convicted by a jury in the Court of Common Pleas for Lancaster County of second-degree murder and related offenses. (Resp. Ex. E (Commonwealth v. Kebede, No. 838 MDA 2010, slip op. at 2 (Pa. Super. Ct. Jan. 11, 2011)).) Petitioner was sentenced to life imprisonment without parole. Id.; Pet'r's Mem. of Law at 1. It is undisputed that petitioner was sixteen years of age at the time of the killing. The instant habeas petition was docketed on June 24, 2013. Petitioner contends that his sentence is unconstitutional in light of the Supreme Court's recent decision in Miller v. Alabama, ___ U.S. ___, 132 S.Ct. 2455 (2012). On June 25, 2012, in a case involving a juvenile defendant who had

been convicted of homicide, the Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller, 132 S.Ct. at 2460.

On May 21, 2012, petitioner filed pro se petition for relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. (Resp. Ex. P.) On July 30, 2012, petitioner filed a pro se motion for leave to amend the PCRA petition alleging, inter alia, that his sentence violates the rule announced in Miller. (Resp. Ex. Q at 6-7.) Counsel filed an Amended PCRA Petition on August 9, 2012 raising the Miller v. Alabama claim. (Resp. Ex. R.)

The issue of the retroactivity of the Miller decision is currently pending before the Supreme Court of Pennsylvania in Commonwealth v. Cunningham, 38 EAP 2012, 51 A.3d 178 (Pa. 2012). The parties in Cunningham have been directed to address, inter alia, the following issue:

> Whether the holding in Miller v. Alabama, 132 S.Ct. 2455 (2012), that a juvenile convicted of a homicide offense cannot be sentenced to life imprisonment without parole unless there is consideration of mitigating circumstances by a judge or jury, retroactively applies to an inmate serving such sentence when the inmate has exhausted his direct appeal rights and is proceeding under the Post Conviction Relief Act.

Commonwealth v. Cunningham, 51 A.3d 178 (Order) (Pa. 2012).[1] The PCRA court stayed petitioner's PCRA case pending the Supreme Court of Pennsylvania's decision in Cunningham.

---

1. On August 13, 2013, the Supreme Court of Pennsylvania directed that the case "be resubmitted for consideration on previously filed briefs." Order dated Aug. 13, 2013 (per curiam) (State Court Docket (Pa.) No. 38 EAP 2012).

See Order dated Oct. 17, 2012 (State Court Docket (C.P. Lanc.) No. CP-36-CR-0003556-2007) (Resp. Ex. S).[2]

In their response, respondents state as follows: "This may be a case . . . where it would be proper to stay and hold the proceedings in abeyance so that Petitioner will not run afoul of the federal statute of limitations." (Resp. at 8 (citation omitted).)

## II. DISCUSSION

Generally, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner give the state courts an opportunity to review and correct alleged violations of a prisoner's federal rights before seeking relief in the

---

2. The Third Circuit Court of Appeals issued a consolidated per curiam decision on October 3, 2013 in In re Pendleton (No. 12-3617), In re Baines (No. 12-3996) and In re Grant (No. 13-1455), addressing whether Miller v. Alabama is retroactive to allow the filing of a second or successive habeas corpus petition. "After extensive briefing and oral argument, [the court concluded] that Petitioners have made a prima facie showing that Miller is retroactive." In re Pendleton, 2013 WL 5486170, at *2 (3d Cir. Oct. 3, 2013). However, the appeals court stressed that the "grant is tentative, and the District Court must dismiss the habeas corpus petition for lack of jurisdiction if it finds that the requirements for filing such a petition have not in fact been met." Id. (citations omitted). The appellate court granted the petitioner's motions under 28 U.S.C. §§ 2244(b)(3) and 2255(h) and authorized each to file a successive habeas corpus petition in the district court. Id. This court asked respondents to file a letter brief outlining their position on the effect of the Third Circuit Court of Appeals's decision on the instant habeas case. By letter dated October 15, 2013 (Doc. No. 8), respondents stated that the instant case is in a "different procedural posture than were the petitioners Pendleton, Baines and Grant." (Letter Br. at 1.) Respondents explained that the instant petition is petitioner's first and, therefore, the appeals court's decision, "which deals with the right to file a second or successive petition, should not apply to his petition." Id. at 2. Additionally, respondents contend that this court need not decide whether "Miller v. Alabama should apply retroactively as Petitioner has not exhausted his state court remedies in that he has a pending PCRA which is active in the Lancaster Court of Common Pleas but deferred pending the Supreme Court of Pennsylvania's ruling in Commonwealth v. Ian Cunningham." Id. Respondents assert that the instant habeas petition should be denied or stayed and held in abeyance as set forth in their original response filed in this court. Id.

3

federal courts. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). The Supreme Court has approved the use of stay and abey procedures for habeas petitions containing unexhausted claims where "there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). By staying the federal habeas proceeding rather than dismissing it, a petitioner can complete the state procedures necessary to comply with the exhaustion requirements without the need to refile the habeas petition at a point in time that might be outside of the statute of limitations. 28 U.S.C. § 2244(d). The three requirements for a stay set forth in Rhines are: good cause, potentially meritorious claims, and a lack of intentionally dilatory or abusive litigation tactics. Rhines, 544 U.S. at 277-78.

Petitioner's habeas petition should be stayed and held in abeyance pending the conclusion of the state court PCRA proceedings. Because the habeas petition includes the same Eighth Amendment claim as in the pending PCRA petition, it contains an unexhausted claim.[3] Petitioner had good cause for not previously raising a constitutional challenge pursuant to Miller, because the case was decided only recently on June 25, 2012. The Eighth Amendment claim is not "plainly meritless" given the Supreme Court's decision in Miller. It is undisputed that petitioner was under the age of eighteen at the time of his crime and that he received a life sentence without the possibility of parole. See Miller 132 S.Ct. at 2460. Thus, petitioner's

---

3. The Third Circuit has held that Rhines is not limited only to mixed petitions containing both exhausted and unexhausted claims. See Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009) (considering a habeas petition that contained only unexhausted claims and noting that "[t]he full range of circumstances in which a habeas petitioner is eligible for stay-and-abeyance is not yet clear," and that a petition may merit a stay "even where only unexhausted claims are at issue").

invocation of Miller appears to have merit, and it is both necessary and appropriate that his claim be considered first by the state courts. See Graham v. Florida, 560 U.S. 48, ___, 130 S.Ct. 2011, 2030 (2010) ("It is for the State, in the first instance, to explore the means and mechanisms for compliance."). Finally, there is no evidence petitioner engaged in intentionally dilatory litigation tactics. Rather, on July 30, 2012, only a few weeks after the Supreme Court's decision, petitioner filed a pro se motion for leave to amend the PCRA petition alleging, inter alia, that his sentence violates the rule announced in Miller. (Resp. Ex. Q.) Counsel filed an Amended PCRA Petition on August 9, 2012 also raising the Miller claim. (Resp. Ex. R.) Furthermore, respondents do not oppose a stay of proceedings.

Petitioner's habeas petition, however, "should not be stayed indefinitely." Rhines, 544 U.S. at 277. Reasonable time limits should be placed "on a petitioner's trip to state court and back." Id. at 278. The stay of petitioner's habeas proceedings should be conditioned on him notifying the federal court within thirty (30) days of the conclusion of his state court proceedings. Id. (suggesting thirty day time period in this situation). If petitioner fails to so notify the court, the stay and abeyance should be vacated and the petition dismissed without prejudice.[4]

## III. RECOMMENDATION

For all the above reasons, the court makes the following:

**RECOMMENDATION**

AND NOW, this 23rd day of October, 2013, the court respectfully recommends that the instant habeas case be stayed and placed in abeyance until the completion of the pending

---

4. Petitioner also requested appointment of counsel, see Pet'r's Mem. of Law at 9. This request should be denied without prejudice to petitioner's ability to renew his request for appointment of counsel at a later date if this habeas case is returned to active status in this court.

5

state court proceedings. Petitioner shall monitor this case and notify the federal court within thirty (30) days of the conclusion of the state court proceedings. Respondents need not file an answer and memorandum of law in response to the habeas petition until further order of the court. It is further recommended that there is no probable cause to issue a certificate of appealability.[5]

The court notes that petitioner's memorandum of law attached to the habeas petition appears to be missing the second page. Paragraph 2 begins at the bottom of the first page of the memorandum, and paragraph 9 begins at the top of the second page. Petitioner should file a complete copy of his memorandum of law with the court.

Petitioner may file objections to this Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[5]. The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMRU KEBEDE : CIVIL ACTION

v. :

JOHN E. WETZEL, et al. : NO. 13-3656

### ORDER

AND NOW, this day of , 2013, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

### ORDERED

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. The above captioned habeas case is stayed and shall be held in abeyance until the resolution of pending related state court proceedings.

3. Petitioner shall monitor the state court proceedings and shall notify this court within thirty (30) days of the conclusion of his state court proceedings. Failure to so notify the court may result in dismissal of the petition for a writ of habeas corpus without prejudice.

4. Petitioner's request for appointment of counsel is **DENIED** without prejudice.

5. Petitioner shall file a complete copy of his memorandum of law with the court.

6. A certificate of appealability shall not be issued.

BY THE COURT:

_____
LEGROME D. DAVIS, J.